**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119267

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | |
|---|---|
| Cintia Lago,<br><br>                    Plaintiff,<br><br>vs.<br><br>Quality Asset Recovery, LLC d/b/a QAR,<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cintia Lago (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Quality Asset Recovery, LLC d/b/a QAR (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Cintia Lago is an individual who is a citizen of the State of New Jersey residing in Monmouth County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Quality Asset Recovery, LLC d/b/a QAR, is a New Jersey Limited Liability Company with a principal place of business in Camden County, New Jersey.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt") to Little Beginnings Child Care & Learning Center.

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by telephone on October 8, 2019 ("Defendant's Call").

21. Plaintiff contacted Defendant by telephone, to discuss the alleged Debt on October 9, 2019 ("Plaintiff's Call").

22. The telephone calls conveyed information regarding the alleged Debt.

23. The telephone calls are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10)
### As to Defendant's Call

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

27. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

28. A representative who works for Defendant contacted Plaintiff and announced that he was the legal account coordinator for Quality Asset Recovery.

29. The representative told Plaintiff that if the balance was not paid he would recommend her account for litigation.

30. Defendant's representative threatened legal action against Plaintiff.

31. Defendant's threat to sue Plaintiff is a false representation made in connection with Defendant's collection of the alleged Debt.

32. Defendant's threat to sue Plaintiff is a deceptive means used in connection with Defendant's collection of the alleged Debt.

33. Defendant's threat to sue Plaintiff is a misleading representation made in connection with Defendant's collection of the alleged Debt.

34. Defendant never intended to sue Plaintiff.

35. Defendant had no grounds to sue Plaintiff.

36. Defendant's threat to sue Plaintiff is a threat to take action that cannot legally be taken.

3

37. Defendant's threat to sue Plaintiff is a threat to take action that was not intended to be taken.

38. Defendant's threat to sue Plaintiff is the use by Defendant of a false representation made in an attempt to collect the alleged Debt.

39. Defendant's threat to sue Plaintiff is the use by Defendant of a deceptive means in an attempt to collect the alleged Debt.

40. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) and is liable to Plaintiff therefor.

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)
### As to Defendants Call

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

44. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

45. During Defendant's Call, Defendant's representative advised Plaintiff that if she filed a police report against Little Beginnings Child Care & Learning Center the alleged Debt would go away according to a specific law.

46. Plaintiff did as she was instructed by Defendant's representative and filed a police report but soon after, Defendant's representative denied claiming that the police report would make the alleged Debt go away.

47. Plaintiff was deceived by Defendant's Call.

48. Plaintiff was deceived in a material way by Defendant's Call.

49. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e(7)
### As to Defendant's Call

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692e(7) prohibits the false representation of implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

52. Defendant's representative claimed that Plaintiff was a bad parent because she stopped the daycare services and disappeared without paying her outstanding balance.

53. The Defendant's representative further claimed that Plaintiff was lying about mistreatment of her daughter at the daycare just to get out of paying the alleged Debt.

54. Plaintiff was caused severe humiliation, emotional distress and physical discomfort as a result of Defendants actions.

55. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e(7) and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e(11)
### As to Plaintiff's Call

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. 15 U.S.C. § 1692e(11) provides the failure to disclose in subsequent communications that the communication is from a debt collector.

58. During Plaintiff's call, Defendant's representative refused to disclose if he was a debt collector.

59. Plaintiff asked Defendant to confirm his identity multiple times, yet Defendant's representative refused to disclose the important aspect of his identity as a debt collector.

60. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e(11) and is liable to Plaintiff therefor.

### JURY DEMAND

61. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

5

    a. Finding Defendant's actions violate the FDCPA; and

    b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

DATED: June 25, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119267